**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

In re: VITKUS, SCOTT J　　　　　　　　　　§　Case No. 11-81481
　　　　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　　　§
Debtor(s)　　　　　　　　　　　　　　　§

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on April 04, 2011.  The undersigned trustee was appointed on June 08, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of　　　$　　　71,473.22

　　　Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 974.33 |
| Bank service fees | 1,402.19 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]　　$ | 69,096.70 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/08/2011 and the deadline for filing governmental claims was 08/08/2011. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,811.26. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,811.26, for a total compensation of $1,811.26.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/23/2012         By: /s/JAMES E. STEVENS
                                    Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 11-81481  
**Case Name:** VITKUS, SCOTT J

**Trustee:** (330420) JAMES E. STEVENS  
**Filed (f) or Converted (c):** 04/04/11 (f)  
**§341(a) Meeting Date:** 05/19/11

**Period Ending:** 05/23/12  
**Claims Bar Date:** 08/08/11

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| 1 | 1495 Stonefield, DeKalb, IL<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 77,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | 1497 Stonefield, DeKalb, IL<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 77,000.00 | 0.00 | DA | 0.00 | FA |
| 3 | 1505 Stonefield, DeKalb, IL<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 77,000.00 | 0.00 | DA | 0.00 | FA |
| 4 | 1511 Stonefield, DeKalb, IL<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 77,000.00 | 0.00 | DA | 0.00 | FA |
| 5 | 1529 Stonefield, DeKalb, IL<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 77,000.00 | 0.00 | DA | 0.00 | FA |
| 6 | Savings account NB&T<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 4,000.00 | 0.00 | DA | 0.00 | FA |
| 7 | Checking account NB&T<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 5,000.00 | 5,000.00 | | 5,000.00 | FA |
| 8 | CD NB&T<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 10,000.00 | 10,000.00 | | 10,000.00 | FA |
| 9 | Household goods<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 500.00 | 500.00 | DA | 0.00 | FA |
| 10 | Used clothing<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 500.00 | 500.00 | DA | 0.00 | FA |
| 11 | Bright Start account for son's college<br>  Orig. Asset Memo: Imported from original petition Doc# 1 | 30,000.00 | 0.00 | DA | 0.00 | FA |
| 12 | 401(k) | 276,000.00 | 0.00 | DA | 0.00 | FA |

Printed: 05/23/2012 07:40 AM    V.13.02

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-81481  **Trustee:** (330420) JAMES E. STEVENS
**Case Name:** VITKUS, SCOTT J  **Filed (f) or Converted (c):** 04/04/11 (f)
 **§341(a) Meeting Date:** 05/19/11
**Period Ending:** 05/23/12  **Claims Bar Date:** 08/08/11

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 13 | IRA<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 40,000.00 | 0.00 | DA | 0.00 | FA |
| 14 | IRA<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 12,000.00 | 0.00 | DA | 0.00 | FA |
| 15 | 2006 Nissan Titan 60,000 miles<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 15,500.00 | 15,500.00 | | 7,500.00 | FA |
| 16 | 2005 Nissan Altima 87,000 miles<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 6,995.00 | 6,995.00 | | 7,500.00 | FA |
| 17 | 2002 Dodge Dakota 55,000 miles<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 2,500.00 | 100.00 | DA | 0.00 | FA |
| 18 | Tax Refund  (u) | 11,469.00 | 11,469.00 | | 11,469.00 | FA |
| 19 | 319 ALDEN DRIVE, SYCAMORE, IL FRAUDULENT CONVEYA  (u) | Unknown | 30,000.00 | | 30,000.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 4.22 | FA |
| 20 | Assets   Totals (Excluding unknown values) | **$799,464.00** | **$80,064.00** | | **$71,473.22** | **$0.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**    March 31, 2012    **Current Projected Date Of Final Report (TFR):**    May 23, 2012  (Actual)

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

**Case Number:** 11-81481  
**Case Name:** VITKUS, SCOTT J  
**Taxpayer ID #:** **-***8732  
**Period Ending:** 05/23/12  

**Trustee:** JAMES E. STEVENS (330420)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******73-65 - Checking Account  
**Blanket Bond:** $372,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 05/11/11 | | Scott Vitkus | cashier's check drawn on NB & T | | 26,469.00 | | 26,469.00 |
| | {8} | | monies from cd  10,000.00 | 1129-000 | | | 26,469.00 |
| | {7} | | monies from checking  5,000.00 account | 1129-000 | | | 26,469.00 |
| | {18} | | tax refund  11,469.00 | 1224-000 | | | 26,469.00 |
| 05/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.14 | | 26,469.14 |
| 05/31/11 | 1001 | INTERNATIONAL SURETIES, LTD. | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 05/31/2011 FOR CASE #11-81481, Bond #016018067 | 2300-000 | | 22.33 | 26,446.81 |
| 06/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.21 | | 26,447.02 |
| 07/20/11 | | SCOTT VITKUS | CASHIER'S CHECK $30,000 COMPROMISE AND $15,000.00 FOR DEBTOR'S VEHICLES | | 45,000.00 | | 71,447.02 |
| | {16} | | 2003 NISSAN ALTIMA  7,500.00 | 1129-000 | | | 71,447.02 |
| | {15} | | 2006 NISSAN TITAN  7,500.00 | 1129-000 | | | 71,447.02 |
| | {19} | | FRAUDULENT  30,000.00 TRANSFER OF 319 ALDEN DRIVE, SYCAMORE, IL | 1241-000 | | | 71,447.02 |
| 07/29/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.35 | | 71,447.37 |
| 08/01/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 75.38 | 71,371.99 |
| 08/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.60 | | 71,372.59 |
| 08/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 166.23 | 71,206.36 |
| 09/26/11 | | The Bank of New York Mellon | Bank and Technology Services Fee Adjustment | 2600-000 | | -4.89 | 71,211.25 |
| 09/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.57 | | 71,211.82 |
| 09/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 146.31 | 71,065.51 |
| 10/31/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.60 | | 71,066.11 |
| 10/31/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 141.16 | 70,924.95 |
| 11/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.57 | | 70,925.52 |
| 11/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 155.46 | 70,770.06 |
| 12/30/11 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.59 | | 70,770.65 |
| 12/30/11 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 145.41 | 70,625.24 |
| 01/31/12 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.59 | | 70,625.83 |
| 01/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 154.39 | 70,471.44 |
| 02/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 139.59 | 70,331.85 |
| 03/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 144.12 | 70,187.73 |
| 04/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 139.03 | 70,048.70 |

Subtotals :    $71,473.22    $1,424.52

{} Asset reference(s)    Printed: 05/23/2012 07:40 AM    V.13.02

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

**Case Number:** 11-81481  
**Case Name:** VITKUS, SCOTT J  

**Taxpayer ID #:** **-***8732  
**Period Ending:** 05/23/12  

**Trustee:** JAMES E. STEVENS (330420)  
**Bank Name:** The Bank of New York Mellon  
**Account:** 9200-******73-65 - Checking Account  
**Blanket Bond:** $372,000.00   (per case limit)  
**Separate Bond:** N/A  

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 05/16/12 | 1002 | McGladrey & Pullen, LLP | accounting service Invoice #M-3868476-549 | 3320-000 |  | 952.00 | 69,096.70 |
|  |  |  | **ACCOUNT TOTALS** |  | 71,473.22 | 2,376.52 | **$69,096.70** |
|  |  |  | Less: Bank Transfers |  | 0.00 | 0.00 |  |
|  |  |  | **Subtotal** |  | 71,473.22 | 2,376.52 |  |
|  |  |  | Less: Payments to Debtors |  |  | 0.00 |  |
|  |  |  | **NET Receipts / Disbursements** |  | **$71,473.22** | **$2,376.52** |  |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # 9200-******73-65** | 71,473.22 | 2,376.52 | 69,096.70 |
|  | **$71,473.22** | **$2,376.52** | **$69,096.70** |

{} Asset reference(s)  
Printed: 05/23/2012 07:40 AM   V.13.02

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Printed: 05/23/12 07:40 AM | | | | **Claims Distribution Register** | | | | Page: 1 |
| | | | | **Case: 11-81481   VITKUS, SCOTT J** | | | | |

| Claim # | Date | Pri | Claimant / Proof / \<Category\> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|

**Secured Claims:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | 07/20/11 | 100 | SUNTRUST MORTGAGE INC<br>BANKRUPTCY DEPARTMENT<br>RVW 3034 P.O. BOX 27767<br>RICHMOND, VA 23261<br>\<4110-00   Real Estate--Consensual Liens (mortgages, deeds of trust, PMSI)\><br>Claim No. 2 is allowed as a secured claimbut disalowed for  purposes of distribution.  The Bankruptcy code does not have a provision for payment of secured claims out of the general funds of the chapter 7 Bankruptcy Estate. | 143,158.96 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3 | 08/02/11 | 100 | SUNTRUST MORTGAGE INC<br>BANKRUPTCY DEPARTMENT<br>RVW 3034 P.O. BOX 27767<br>RICHMOND, VA 23261<br>\<4110-00   Real Estate--Consensual Liens (mortgages, deeds of trust, PMSI)\><br>Trustee believes Suntrust filed a duplicate claim but Claim No. 3 is also a  secured claim which would be allowed but disallowed for puropses of distribution.  The Bankruptcy Code does not have a provision for payment of secured claims out of the general funds of the chapter 7 Bankruptcy Estate. | 143,256.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | **Total for Priority 100:    0% Paid** | **$286,415.23** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| | | | **Total for Secured Claims:** | **$286,415.23** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

**Admin Ch. 7 Claims:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 04/04/11 | 200 | Barrick, Switzer<br>\<3110-00   Attorney for Trustee Fees (Trustee Firm)\> | 3,227.50 | 3,227.50 | 0.00 | 3,227.50 | 3,227.50 |
| | 04/04/11 | 200 | JAMES E. STEVENS<br>6833 Stalter Drive<br>Rockford, IL 61108<br>\<2100-00   Trustee Compensation\><br>[Updated by Surplus to Debtor Report based on Net Estate Value: 10612.60] | 1,811.26 | 1,811.26 | 0.00 | 1,811.26 | 1,811.26 |
| | | | **Total for Priority 200:    100% Paid** | **$5,038.76** | **$5,038.76** | **$0.00** | **$5,038.76** | **$5,038.76** |
| | | | **Total for Admin Ch.  7 Claims:** | **$5,038.76** | **$5,038.76** | **$0.00** | **$5,038.76** | **$5,038.76** |

**Unsecured Claims:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/17/11 | 610 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br>\<7100-00   General Unsecured § 726(a)(2)\> | 3,186.45 | 3,186.45 | 0.00 | 3,186.45 | 3,186.45 |
| | | | **Priority 610:    100% Paid** | | | | | |
| 1I | 06/17/11 | 640 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145<br>\<7990-00   Surplus Cases Interest on Unsecured Claims (including priority)\> | 10.87 | 10.87 | 0.00 | 10.87 | 10.87 |
| | | | **Priority 640:    100% Paid** | | | | | |

Printed: 05/23/12 07:40 AM

## Claims Distribution Register

Page: 2

### Case: 11-81481   VITKUS, SCOTT J

| Claim # | Date | Pri | Claimant / Proof / <Category> / Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| SURPLUS | 04/04/11 | 650 | VITKUS, SCOTT J<br>319 ALDEN DRIVE<br>SYCAMORE, IL 60178<br><8200-00   Surplus Funds Paid to Debtor § 726 (a)(6) (incl pmts to shareholders & ltd part)> | 60,860.62 | 60,860.62 | 0.00 | 60,860.62 | 60,860.62 |
| | | **Priority 650:** | **100% Paid** | | | | | |
| | | | **Total for Unsecured Claims:** | $64,057.94 | $64,057.94 | $0.00 | $64,057.94 | $64,057.94 |
| | | | **Total for Case :** | $355,511.93 | $69,096.70 | $0.00 | $69,096.70 | $69,096.70 |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 11-81481
Case Name: VITKUS, SCOTT J
Trustee Name: JAMES E. STEVENS

**Balance on hand:** $ 69,096.70

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | SUNTRUST MORTGAGE INC | 143,158.96 | 0.00 | 0.00 | 0.00 |
| 3 | SUNTRUST MORTGAGE INC | 143,256.27 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 69,096.70

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JAMES E. STEVENS | 1,811.26 | 0.00 | 1,811.26 |
| Attorney for Trustee, Fees - Barrick, Switzer | 3,227.50 | 0.00 | 3,227.50 |

Total to be paid for chapter 7 administration expenses: $ 5,038.76
Remaining balance: $ 64,057.94

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 64,057.94

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 0.00 |
| Remaining balance: | $ | 64,057.94 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,186.45 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 3,186.45 | 0.00 | 3,186.45 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 3,186.45 |
| Remaining balance: | $ | 60,871.49 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 60,871.49 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: **$** 0.00
Remaining balance: $ 60,871.49

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.3% pursuant to 11 U.S.C. § 726(a)(5).  Funds available for interest are $10.87.  The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 60,860.62.

**UST Form 101-7-TFR (05/1/2011)**