**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

In re: VITKUS, SCOTT J § Case No. 11-81481
§
§
Debtor(s) §

**NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)**

  Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
<u>JAMES E. STEVENS     </u>, trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

  The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:
  U.S. Bankruptcy Court
  Stanley J. Roszkowski U.S. Courthouse
  327 South Church Street
  Rockford, IL 61101

  Any person wishing to object to any fee application that has not already been approved or
to the Final Report, must file a written objection within 21 days from the mailing of this notice,
serve a copy of the objections upon the trustee, any party whose application is being challenged
and the United States Trustee.  A hearing on the fee applications and any objection to the Final
Report will be held at 09:30am on 07/11/2012 in Courtroom 3100, United States Courthouse,
327 South Church Street
Rockford, IL 61101 .
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

**UST Form 101-7-NFR (10/1/2010)**

Dated:  05/23/2012          By:  /s/JAMES E. STEVENS
                                                    Trustee

JAMES E. STEVENS  
6833 Stalter Drive  
Rockford, IL  61108  
(815) 962-6611  
jstevens@bslbv.com

**UST Form 101-7-NFR (10/1/2010)**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: VITKUS, SCOTT J | § | Case No. 11-81481 |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| *The Final Report shows receipts of* | $ | 71,473.22 |
| *and approved disbursements of* | $ | 2,376.52 |
| *leaving a balance on hand of* [1] | $ | 69,096.70 |
| **Balance on hand:** | $ | 69,096.70 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 2 | SUNTRUST MORTGAGE INC | 143,158.96 | 0.00 | 0.00 | 0.00 |
| 3 | SUNTRUST MORTGAGE INC | 143,256.27 | 0.00 | 0.00 | 0.00 |

| | | |
|---|---|---|
| Total to be paid to secured creditors: | $ | 0.00 |
| Remaining balance: | $ | 69,096.70 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JAMES E. STEVENS | 1,811.26 | 0.00 | 1,811.26 |
| Attorney for Trustee, Fees - Barrick, Switzer | 3,227.50 | 0.00 | 3,227.50 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administration expenses: | $ | 5,038.76 |
| Remaining balance: | $ | 64,057.94 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

      Total to be paid for prior chapter administrative expenses: $  0.00
      Remaining balance: $  64,057.94

  In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

  Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

      Total to be paid for priority claims: $  0.00
      Remaining balance: $  64,057.94

  The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

  Timely claims of general (unsecured) creditors totaling $ 3,186.45 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

  Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 3,186.45 | 0.00 | 3,186.45 |

      Total to be paid for timely general unsecured claims: $  3,186.45
      Remaining balance: $  60,871.49

**UST Form 101-7-NFR (10/1/2010)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 60,871.49 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 60,871.49 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.3% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $10.87. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 60,860.62.

**UST Form 101-7-NFR (10/1/2010)**

Prepared By: /s/JAMES E. STEVENS
Trustee

JAMES E. STEVENS
6833 Stalter Drive
Rockford, IL  61108
(815) 962-6611
jstevens@bslbv.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 11-81481-MB
Scott J Vitkus                                                      Chapter 7
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-3            User: lorsmith            Page 1 of 2            Date Rcvd: Jun 01, 2012
                                Form ID: pdf006           Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 03, 2012.
```
db           +Scott J Vitkus,    319 Alden Drive,    Sycamore, IL 60178-8906
17068279      Chase,    Cardmember Service,    P.O. Box 15153,    Wilmington, DE 19886-5153
17428199      Chase Bank USA, N.A.,    PO Box 15145,    Wilmington, DE 19850-5145
17068280     +Kim Vitkus,    1335 Mary Wood Court,    Sycamore, IL 60178-3230
17068281     +PNC,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
17068282      PNC Mortgage,    PO Box 1820,    Dayton, OH 45401-1820
17620940      SUNTRUST MORTGAGE INC,    BANKRUPTCY DEPARTMENT RVW 3034 P.O. BOX,    RICHMOND VA 23261
17564209     +SUNTRUST MORTGAGE INC,    BANKRUPTCY DEPARTMENT,    RVW 3034 P.O. BOX 27767,
               RICHMOND VA 23261-7767
17068286     +SunTrust Mortgage Inc,    PO Box 26149,    Richmond, VA 23260-6149
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
17068283*     PNC Mortgage,    PO Box 1820,    Dayton, OH 45401-1820
17068284*     PNC Mortgage,    PO Box 1820,    Dayton, OH 45401-1820
17068287*    +SunTrust Mortgage Inc,    PO Box 26149,    Richmond, VA 23260-6149
17068285    ##+Stonefield Townhomes Association,    Michael Mills, Treasurer,    PO Box 291,
               DeKalb, IL 60115-0291
                                                                                   TOTALS: 0, * 3, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 03, 2012**               **Signature:**   _Joseph Speetjens_

```
District/off: 0752-3          User: lorsmith            Page 2 of 2            Date Rcvd: Jun 01, 2012
                              Form ID: pdf006           Total Noticed: 9
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 31, 2012 at the address(es) listed below:

        Bradley J Waller    on behalf of Debtor Scott Vitkus bwaller@ksbwl.com, vmaurer@ksbwl.com
        James E Stevens    on behalf of Accountant Pamela Smith jimstevens@bslbv.com
        James E Stevens    jimstevens@bslbv.com, IL48@ecfcbis.com
        Lydia Y Siu    on behalf of Creditor  PNC Bank, N.A. lsiu@atty-pierce.com, northerndistrict@atty-pierce.com
        Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
        Yanick  Polycarpe    on behalf of Creditor  PNC Bank, N.A. ypolycarpe@atty-pierce.com, northerndistrict@atty-pierce.com

        TOTAL: 6